liMURRAY, Judge.
Burger King Corporation appeals a ruling by the Office of Workers Compensation that Burger King was not entitled to modify or terminate supplemental earnings benefits to claimant Jack T. Bastoe. We affirm.

FACTS AND PROCEDURAL HISTORY:

The parties agree that Mr. Bastoe was injured in the course and scope of his employment with Burger King Distribution Ser *276 vices (formerly a division of Burger King) on October 11, 1990, and filed a claim with the Office of Workers Compensation in 1991. A consent judgment was entered into on May 21, 1992, in which it was agreed that Mr. Bastoe was to receive a maximum weekly compensation of $282.00 until April 28, 1991, and thereafter was to receive supplemental earnings benefits (SEBs) based upon a weekly wage of $867.62.
Subsequent to the consent judgment, Mr. Bastoe filed a demand for rehabilitation benefits and a motion seeking penalties and attorney’s fees alleging that Burger King had stopped compensation payments, and for acceleration of |2benefits. Burger King filed a motion to cease or reduce benefits on the ground that Mr. Bastoe had been released by his physician to return to work.
Hearings were held on November 7, 1994, and December 19, 1994, in which testimony was taken relative to Burger King’s motion. Another hearing was held on March 31,1995, with testimony taken relative to Mr. Bastoe’s motions for rehabilitation benefits, penalties and attorney’s fees, and for accelerated payments. Judgment was rendered on May 1, 1995, declaring the issue of reduction of SEBs moot, denying Burger King’s motion to modify or terminate SEBs, denying Mr. Bas-toe’s motion for acceleration of payments[1] and for rehabilitation services, and penalties and attorney’s fees.
In reasons for judgment, the hearing officer explained that counsel for Burger King withdrew his request to have the original average weekly wage modified, as set out in the May 21, 1992 consent judgment, thus making that issue moot. The hearing officer also found that Burger King’s failure to place the May 21, 1992 consent judgment into evidence prevented a ruling on Burger King’s motion to modify benefits. However, addressing Burger King’s motion to terminate benefits, the hearing officer stated that “[d]e-fendant contends that the Supplemental Earnings Benefits should be terminated because Mr. Bastoe’s treating physician released plaintiff to return to work without restrictions and the vocational rehabilitation counsel [sic] testified as to other jobs available to claimant wherein he could earn at least 90% of his pre-injury wages. The Court pretermits that issue.” The hearing officer found that the jobs identified by Burger King either did not pay at least ninety percent of Mr. Bastoe’s average weekly wage of jo $867.00, or were too speculative to be considered, and thus that Burger King had not carried its burden of showing that it was entitled to terminate SEBs.

DISCUSSION:

In its first issue presented for review, Burger King contends that the trial court erred in granting the claimant’s motion for directed verdict on the issue of modification of SEB payments. We agree. The hearing officer stated in her reasons for judgment that Burger King’s case for modification was fatally flawed due to its failure to put into evidence the May 21, 1992 consent judgment that it sought to modify. Our review of the record indicates that the consent judgment in question was filed into the record on May 21, 1992. Burger King did not, therefore, have to reintroduce the consent judgment into evidence. However, because the employer’s burden is the same whether he is seeking to terminate or modify SEBs, and because the hearing officer considered the merits of Burger King’s motion to terminate benefits, that error was harmless.
Burger King also contends that the hearing officer erred in finding that jobs paying at least 90% of the average weekly wage were not available to Mr. Bastoe.
A workers compensation claimant is entitled to SEBs, if, as a result of a work-related injury, he is unable to earn at least ninety percent of his pre-injury wages. Penton v. Siemens Energy and Automation, Inc., 94-0286, p. 3 (La.App. 4th Cir. 11/30/94), 646 So.2d 496, 499. The purpose of SEBs is to provide compensation to the injured employee for his lost wage-earning capacity. Fortune v. Charbonnet-Labat Fu *277 neral Home, 95-1954, p.4, (La.App. 4th Cir. 03/14/96), 671 So.2d 988, 992. Courts are required to be “mindful of the jurisprudential tenet that worker’s compensation law is to be liberally construed in favor of 14coverage.” Id.; Smith v. La. Dep’t of Corrections, 93-1305 (La.02/28/94), 633 So.2d 129, 132.
Once an employee has established that he is entitled to SEBs by showing that he is unable to earn at least ninety percent of his pre-injury wage, the burden shifts to the employer if he wishes to defeat or reduce SEBs. The employer who seeks to either modify or terminate SEBs has the burden of proving that “the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer’s community or reasonable geographic region.” Freeman v. Poulan/Weed Eater, 93-1530 (La.01/14/94), 630 So.2d 733, 739 (emphasis ours). If the employer carries this burden, the amount of SEB payments is then based on the difference between the average weekly wage and the claimant’s earning capacity after the injury. Id.; La.Rev.Stat. 23:1221(3)(a).
The employer must satisfy both requirements of the two part test to meet its burden of proof. Generally, an employer can do this by “showing that jobs are generally available within the range of the employee’s capacity.” Reed v. Direct Installers, 95-1684 (La.App. 4th Cir. 01/31/96), 669 So.2d 529. However, the employer must also prove that the jobs are reasonably obtainable by the employee and must offer earnings which are more than mere speculation. Id.
While it is difficult to ascertain exactly on what the hearing officer based her findings, we can reasonably infer from the record that she found Mr. Bastoe physically capable of performing the jobs identified by Burger King, and that those jobs were available in the area. However, she apparently concluded that Burger King did not meet the additional burden of showing that the jobs offered provided wages which satisfied the statutory test. The hearing officer found that the jobs ^suggested by Burger King either did not pay at least ninety percent of Mr. Bastoe’s average weekly wage (as established by the May 21, 1992 consent judgment), or that the salaries offered were too speculative based on his level of ability and experience.
A vocational rehabilitation counselor testified that she had compiled a list of available jobs in which Mr. Bastoe could earn at least ninety percent of his pre-injury wage of $867.62 per week. This would mean that a potential job would have to guarantee a salary of at least $781.13 per week. Eight jobs were listed, three for truck driving positions and five for automobile body painting jobs. The hearing officer found that several of the jobs did not pay at least ninety percent of the average weekly wage as claimed by the vocational rehabilitation counselor. The remaining jobs might pay in excess of the average weekly wage, but that fact was purely speculative because of the broad range of pay indicated. Further, the jobs that might pay the most were in the field of automobile body painting, an area in which Mr. Bastoe had very little recent experience, and, therefore, his potential for earnings likely would be at the low end of the ranges. The hearing officer thus rejected the list of potential jobs, and found that Burger King had not met its burden. This was a factual finding by the hearing officer.
On appellate review, a hearing officer’s findings as to whether an employer carried its burden of proving that SEBs should be reduced is governed by the manifest error or clearly wrong standard of review. Daugherty v. Domino’s Pizza, 95-1394, p. 8 (La.05/21/95), 674 So.2d 947, 953. Based on the record, we cannot say that the hearing officer was clearly wrong in finding that the jobs identified by Burger King did not satisfy its burden.
16Thus, although the hearing officer apparently found Mr. Bastoe physically capable of performing the jobs offered, and that the jobs were within the acceptable geographical area, she did not find that Burger King had met its burden entirely because of the speculative nature of the wages. Because Burger King did not meet its burden of proof on the motion to terminate, and the burden of proof to modify is the same, there was harmless *278 error in the hearing officer’s decision not to consider the motion to modify.
The ruling of the hearing officer is affirmed. Costs of this appeal are to be borne by appellant, Burger King Corporation.
AFFIRMED.
BARRY, J., concurs with reasons.

. The matter of accelerated benefits was heard on July 28, 1994, and judgment rendered on August 5, 1994, denying claimant’s motion. However, inexplicably this same issue was addressed and denied in the judgment from which Burger King appeals.